**TANTALO & ADLER LLP**
Michael S. Adler (SBN 190119)
  email: madler@ta-llp.com
Joel M. Tantalo (SBN 206096)
  email: jtantalo@ta-llp.com
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 734-8695
Facsimile: (310) 734-8696

Attorneys for Plaintiff
Naresh Narayan

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARESH NARAYAN, an individual; | **CASE NO.: 8:21-CV-01508-JLS-DFM** |
| Plaintiff, | |
| v. | **JOINT REPORT OF COUNSEL** |
| URBAN COMMONS 6th AVE SEATTLE, LLC, a Delaware Limited Liability Company; URBAN COMMONS BATTERY PARK, LLC, a Delaware Limited Liability Company; EAGLE NASHVILLE AIRPORT HOTEL, LLC, a Delaware Limited Liability Company; | |
| C. BRIAN EGNATZ, an individual; TAYLOR WOODS, an individual; HOWARD WU, an individual; and DOES 1 through 10, inclusive | |
| Defendants. | |

The parties to this action, plaintiff NARESH NARAYAN ("Plaintiff"), and defendant BRIAN EGNATZ, ("Defendant"), through their counsel of record, conducted the "conference of parties" as required by Federal Rules of Civil Procedure Rule 26(f) and Local Rule 26-1 on December 1, 2021. The following report documents the issues discussed.

1. **Statement of the Case**

   **Plaintiff**

This action stems from the unscrupulous, fraudulent and unlawful sales of unregistered and non-exempt securities by URBAN COMMONS 6TH AVE SEATTLE, LLC, URBAN COMMONS BATTERY PARK, LLC, EAGLE NASHVILLE AIRPORT HOTEL, LLC, TAYLOR WOODS, HOWARD WU, and BRIAN EGNATZ (collectively the "Urban Common Parties") to Plaintiffs. The Urban Commons Parties misled the Plaintiff into providing approximately $3,000,000 between March and November of 2020, falsely promising that various offerings would be completed within weeks and months of such investment and the funds would be promptly returned. All the while, Urban Commons Parties knew the parent company of Urban Commons was being investigated for securities violations in Singapore. Worse yet, the Urban Commons Parties knew that the critical Urban Commons entities were in default of a facility loan critical to their ongoing operations. Yet, none of these material facts were disclosed to Plaintiff. Plaintiff alleges that all Urban Commons Parties conspired and committed violations of Federal and California Securities Laws and other statutes, as well as actual and constructive fraud, intentional misrepresentation, and/or negligent misrepresentations, and other torts for which Plaintiff seeks relief and remedies herein.

The Urban Commons Parties made material omissions and material misrepresentations to Plaintiff to induce such investments, including but not limited to (i) misrepresenting that the offerings would be completed on or before March 2020, (ii) misrepresenting that if the offerings were not timely completed, the investment funds would be returned with interest to Plaintiff, (iii) misrepresenting that the investment funds would be held in escrow until such offerings were

completed, (iv) failing to disclose that certain key entities related to the Urban Common Parties were in default of financing required to complete the projects subject to offerings, and (v) failing to disclose that the parent company and principals of Urban Commons LLC were under a federal investigation in Singapore which has since landed several directors, among others, in prison in Singapore. Plaintiff is informed and believes, and on that basis alleges, that the Urban Commons Parties have absconded the investment funds. Indeed, Plaintiff is informed and believes, and on that basis alleges, that Urban Commons Parties used their investment funds for purposes other than those set forth in the subscription agreements and the other agreements by which Urban Commons Parties obtained approximately $3 million dollars from Plaintiff. Accordingly, Urban Commons Parties have committed securities violations and defrauded Plaintiff out of over $3,000,000. Plaintiff seeks damages and/or rescission of securities sale contracts and transactions at issue, with restitution, monies on common counts, and other relief in this action.

**Defendant Brian Egnatz**

Defendant believes that this report is supposed to be a neutral, jointly-prepared report intended to inform the Court about the issues in the case; not a rhetoric-filled advocacy piece that plaintiff has made it. That said, Defendant asserts that Plaintiff's investments were made with knowledge of all relevant facts and that there was no material misrepresentation. The subject investments were in the hospitality industry, which has been particularly hard-hit by COVID-19. Defendant believes the Urban Common Parties are still attempting to close on the subject acquisitions for which plaintiff and many others invested funds.

2. **Procedural History**

On or about September 13, 2021, Plaintiff filed this action against the Urban Common Parties alleging the numerous causes of causes of action in their Complaint including: (1) Violation of Section 5 of the Securities and Exchange Act ("SEA"); (2) Violation of Section 12 of the 1933 Securities Act (the "Securities Act"); (3) Violation of Section 15 of the Securities Act; (4) Violation of Section 17 of

the Securities Act; (5) Violation of Section 10(b) of the 1934 SEA and Rule 10b-5; (6) Violation of California Corporations Code ("Corp. Code") Sections 25401 and 25501; (7) Violation of Corp. Code Sections 2400 and 25500; (8) Violation of Corp. Code Section 25403; (9) Violation of Corp. Code Sections 25503, 25504.1 and 25110; (10) Violation of Corp. Code Section 25504; (11) Violation of Corp. Code Sections 25401 and 25504.1; (12) Violation of Corp. Code Sections 25200, et seq. and 25501.5; (13) Violation of Corp. Code Sections 25200, et seq. and 25501.5; (14) Theft by False Pretenses (Cal. Penal Code Section 496(c)); (15) Constructive Fraud; (16) False Promise; (17) Concealment; (18) Intentional Misrepresentation; (19) Negligent Misrepresentation; (20) Negligence; and (21) Unfair Business Practices.

All of the Urban Commons Parties except for Defendant Brian Egnatz are in default.

Defendant Brian Egnatz disagrees with the Plaintiff's claims. On or about November 11, 2021, Defendant Brian Egantz filed his Answer.

### 3. Legal Issues

The Plaintiff believes this is a straightforward securities fraud, conversion, and unfair business practices action. The Urban Commons Parties failure to produce any evidence establishing where the Plaintiff's funds are currently held or proof that the offerings were completed timely makes this ripe for a motion for summary judgment, which Plaintiff intends to bring.

Plaintiff also may move for entry of judgment on a several basis against the Urban Commons Parties other than Egnatz, who are in default.

Defendant Egnatz has indicated an intention to bring a motion for judgment on the pleadings as to some or all of the allegations against him in the complaint.

### 4. This Case Is Not A Complex Case (Local Rule 26-1(a))

The parties agree that the pending action is not a "complex case" and that the procedures of the Manual for Complex Litigation should therefore not be utilized.

### 5. Damages

Plaintiffs seek approximately $3,000,000, plus prejudgment interest, interest, attorneys' fees and costs, punitive damages and treble of same pursuant to California Penal Code Section 496(c) and RICO. Hence, Plaintiffs will seek over $9,000,000 at trial. Defendant asserts that trebling of damages

TANTALO &
ADLER LLP

3
JOINT REPORT OF COUNSEL

Case 8:21-cv-01508-JLS-DFM   Document 28   Filed 12/10/21   Page 5 of 8   Page ID #:155

under Penal Code section 496 is unavailable in cases not involving the crime of receiving stolen goods, and further objects to the application of RICO in this matter. This issue is currently before the California Supreme Court. (*Siry Investments, LLC v. Farkhondehpour, et al.*, California Supreme Court Case No. S262081; California Court of Appeal Case No. B277750.)

### 6. Insurance

Defendant is exploring the potential for insurance coverage, but believe it likely does not exist.

### 7. Anticipated Motion Practice

The Plaintiffs anticipate bringing a motion for summary judgment, writs of attachment, and entry of a separate judgment against the defaulting Defendants other than Defendant Brian Egnatz.

Defendant Brian Egnatz anticipates bringing a motion for judgment on the pleadings.

The parties propose that the last day to file dispositive motions should be, depending on the scheduling order, **December 9, 2022**, a week after expert discovery cut-off and seven weeks before the Final Pretrial Conference (proposed in the attached **Exhibit A** as **January 27, 2023**).

### 8. Anticipated Discovery Period/Expert Discovery
### (Fed. Rules Civ. Proc. 26(f); Local Rule 26-1(f))

The parties anticipate that fact discovery can be completed by **September 23, 2022**.

The parties agree that (a) no special discovery sequence is necessary, (b) no modification of the regular limits on discovery is necessary, and (c) expert discovery should be scheduled according to the rules set forth in Fed. Rules Civ. Proc., Rule 26(2)(a) except for the expert reports which the parties have set their respective proposed dates in **Exhibit A** attached hereto. However, the parties agree that should the circumstances change and additional discovery is necessary, the parties will be able to ask the Court for relief.

The parties agree that should a stipulated protective order be necessary, they will meet and confer and lodge a proposed stipulated protective order with the Court.

### 9. Settlement (Local Rule 26-1(c))

The parties have discussed settlement but they remain very far apart.

Plaintiff prefers to utilize Mandatory Settlement Procedure 2 (Court Mediation Panel). Defendant prefers to utilize Mandatory Settlement Procedure 3 (private dispute resolution) of Local

TANTALO & ADLER LLP

4

JOINT REPORT OF COUNSEL

Rule 16-15.4, but would be amenable to Settlement Procedure 2.

### 10. Trial Estimate (Local Rule 26-1(d))

Plaintiffs requested a jury trial. The parties anticipate a five to seven day trial. The case will be tried by Michael S. Adler for the Plaintiff, and by Eric Bensamochan for the Defendant.

### 11. Additional Parties (Local Rule 26-1(e))

At this time, Plaintiff is investigating whether to add Milepost Real Estate LLC and/or Jason K. Brit as a party, based on information disclosed in a related matter.

### 12. Rule 26(a)(1) Disclosures

The parties agree to make its respective Rule 26(a)(1) disclosures by email on December 10, 2021 pursuant to Rule 26(a)(1)(C).

### 13. Status of Discovery

The parties have not yet conducted discovery but propose their respective discovery fact discovery cut offs as set forth in **Exhibit A** hereto.

### 14. Discovery Plan

The parties have not yet conducted discovery but propose their respective fact discovery cut off to be as set forth in **Exhibit A** hereto. Additionally, following the issuance of written discovery, the parties will meet and confer to discuss the use and identification of keyword search terms for any electronic discovery and the production of metadata.

### 15. Independent Expert or Master FRCP53

The parties do not believe an independent expert or master is appropriate for this matter at this time.

### 16. Other Issues

At this time, none.

Dated:  December 10, 2021               **TANTALO & ADLER LLP**

                                        /Michael S. Adler/

                                        Michael S. Adler

                                        Attorneys for Plaintiff Naresh Narayan

Dated: December 10, 2021

**The Bensamochan Law Firm, Inc.**

/s/Eric Bensamochan

Eric Bensamochan

Attorney for Defendant Brian Egnatz

EXHIBIT A
PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME:   Naresh Narayan v. Urban Commons 6th Avenue Seattle, LLC et al.
CASE NO:     8:21-cv-01508-JLS-DFM

| Matter | Deadline | Plaintiff(s) Request | Defendant(s) Request |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 60 Days | 3/08/2022 | same |
| Fact Discovery Cut-Off | 18 weeks before the Final Pretial Conference ("FPTC") | 9/23/2022 | |
| Last Day to Serve Initial Expert Reports | 16 weeks before the FPTC | 10/7/2022 | |
| Last Day to File Motions (except *Daubert* and all other Motions in Limine) | 16 weeks before the FPTC | 10/7/2022 | |
| Last Day to Serve Rebuttal Expert Reports | 12 weeks before the FPTC | 11/4/2022 | |
| Last Day to Conduct Settlement Proceedings | 9 weeks before the FPTC | 11/25/2022 | |
| Expert Discovery Cut-Off | 8 weeks before the FPTC | 12/2/2022 | |
| Last Day to File *Daubert* Motions | 7 weeks before the FPTC | 12/09/2022 | |
| Last Day to File Motions in Limine (other than *Daubert* Motions) | 4 weeks before the FPTC | 12/30/2022 | |
| Final Pre-Trial Conference **(Friday at 10:30 a.m.)** | | 1/27/2023 | same |

**Revised: October 1, 2018**